Hillary Arrow Booth (SBN 125936)
Ludmilla Hovsepian (SBN 356348)
BOOTH LLP
11835 W. Olympic Boulevard, Suite 600E
Los Angeles, CA  90064
Telephone: (310) 641-1800
Facsimile: (310) 641-1818

Attorneys for Plaintiff, COYOTE LOGISTICS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COYOTE LOGISTICS, LLC, a Delaware limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>JUSDA SUPPLY CHAIN MANAGEMENT CORPORATION<br><br>Defendant. | Case No.:<br><br>**PLAINTIFF COYOTE LOGISTICS, LLC'S COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) BREACH OF CONTRACT**<br><br>**(2) QUANTUM MERUIT**<br><br>**(3) COMMON COUNT – ACCOUNT STATED** |

Plaintiff COYOTE LOGISTICS, LLC alleges as follows:

1. This suit concerns the refusal of Defendant JUSDA SUPPLY CHAIN MANAGEMENT CORPORATION ("Defendant" or "JUSDA") to comply with its obligations to Plaintiff in accordance with the terms of an agreement and Defendant's refusal to pay Plaintiff for the services rendered by Plaintiff for the benefit of Defendant.

1

PLAINTIFF COYOTE LOGISTICS, LLC'S COMPLAINT

## PARTIES

2. Plaintiff COYOTE LOGISTICS, LLC ("Plaintiff" or "COYOTE"), is a Delaware limited liability company with its principal place of business in Atlanta, Georgia. Currently, and at all relevant times, COYOTE was a freight broker, licensed by the Federal Motor Carrier Safety Administration ("FMCSA"), under Department of Transportation ("DOT") number 2236410.

3. COYOTE is informed and believes and based thereon alleges, that Defendant JUSDA is, and at all relevant times was, a California corporation with its principal place of business in City of Industry, California. JUSDA is a freight broker, previously operating under DOT 3082901 but currently not authorized by the FMSCA.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states, as alleged above, and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over the Defendant because it is a registered California corporation and regularly conducts business in California.

6. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391 because Defendant is subject to the Court's jurisdiction and performance was agreed to in this jurisdiction.

## GENERAL ALLEGATIONS

7. From December 28, 2022, to June 30, 2023, Defendant contacted Plaintiff and requested that Plaintiff provide freight broker services primarily to arrange for the transportation of products via licensed motor carriers. The parties discussed and agreed on the material terms of each agreement, including the rates to be charged for the various services to be provided, the equipment that would be utilized and the cost thereof, and related storage charges (the "Agreement"). The

discussions leading to the Agreement were both oral and via email.

8.  Plaintiff performed services under the Agreement, including services provided related to Load #28754673 (the "Load"). In connection with the Load, Coyote acted as a freight broker and brokered the Load to Spedigo, LLC, a licensed motor carrier. Thereafter, COYOTE assisted administratively by transmitting Defendant's claim for loss to the motor carrier. As a freight broker, COYOTE bears no legal or contractual liability for the claim made to the motor carrier.

9.  Defendant has failed and refused to pay Plaintiff's regularly issued invoices, which were due for payment in July 30, 2023, even though Defendants utilized Plaintiff's services and obtained the benefits of such services. Plaintiff has demanded payment of the invoices from Defendant, but Defendant has refused and continues to do so.

## FIRST CAUSE OF ACTION

### (Breach of Oral Contract – Against All Defendants)

10.  COYOTE repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

11.  COYOTE and JUSDA entered into the Agreement as alleged above. The Agreement is evidenced by writings, including emails. These writings, along with oral communications, verify and establish the Agreement and the promise by Defendant to compensate Plaintiff for its services, as alleged herein.

12.  Plaintiff has fully performed the Agreement, and at all times stood ready to perform all of the obligations to Defendant which Plaintiff undertook in the Agreement. Plaintiff completed its obligations as a freight broker, all to the benefit of Defendant.

13.  Defendants failed to perform under the Agreement, and breached the Agreement by failing, neglecting, and refusing to pay the outstanding invoices

related to the services provided by Plaintiff to Defendant under the Agreement. A true and correct copy of Plaintiff's summary of the outstanding invoices owed by Defendant to Plaintiff is attached hereto as Exhibit A. After the Defendant received the benefit of all the services provided, and despite Plaintiff's demand for the payment owed, no payment has been made to Plaintiff by Defendant. As a direct and foreseeable result of Defendant's breach of the Agreement, Plaintiff was harmed.

14. As a direct and proximate cause of Defendant's breach of contract, COYOTE has been damaged in an amount to be proven at trial, but at least $116,377.29, plus interest at the legal rate.

## SECOND CAUSE OF ACTION
### (Quantum Meruit – Against All Defendants)

15. COYOTE repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein

16. Defendant requested that Plaintiff perform services as alleged herein, so that Defendant would be able to ship and store its products, and obtain the services described herein. Plaintiff is informed and believes that Defendant received valuable benefits, including monetary benefit, from the services provided by Plaintiff, including the payments made to Defendant by its customers for its products.

17. Because Plaintiff's services were provided in a business setting with the understanding that it would be compensated therefore, and Defendant received benefits from the services provided by Plaintiff, Defendant is required to pay for the services. Despite the benefits received, Defendant failed and refused to pay Plaintiff for the reasonable value of the services provided.

18. Defendant would be unjustly enriched if Defendant was allowed to avoid payment for the services already provided. It was always clear that Plaintiff

was not a volunteer in performing the work and services but was instead performing a business service for which it understood it would be paid. Defendants fully understood that Plaintiff was entitled to payment for the value of the services rendered, which the parties agreed upon in the Agreement.

19. As a direct and proximate cause of Defendants' refusal to pay for valuable services rendered, COYOTE has been damaged in an amount to be proven at trial, but at least $116,377.29 plus legal interest.

## THIRD CAUSE OF ACTION

### (Common Count – Against All Defendants)

20. COYOTE repeats and realleges each allegation contained in the foregoing paragraphs of the Complaint as if set forth in full herein.

21. Plaintiff states that Defendant became indebted to Plaintiff within the last few years based upon work and services rendered by Plaintiff at the request of Defendant in the reasonable value of $116,377.29, plus interest, as evidenced by Exhibit A attached hereto.

22. As of this date, JUSDA has refused to comply with full payment of the $116,377.29 plus interest owed to COYOTE, as this is the reasonable value of the services provided by COYOTE, as stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, COYOTE prays for judgment against Defendants, and each of them, on all causes of action as follows:

1. For compensatory damages according to proof at trial, exceeding $116,377.29 plus legal interest;
2. For attorneys' fees;
3. For prejudgment interest at the legal rate;
4. For costs of suit incurred herein;

///

5. For such other and further relief as the Court may deem just and proper.

DATED: February 16, 2025          BOOTH LLP

By: */s/ Hillary Arrow Booth*
Hillary Arrow Booth
Ludmilla Hovsepian
Attorneys for Plaintiff, COYOTE LOGISTICS, LLC